IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIFFANY WILSON,                           Civil Action File No.

       Plaintiff,

v.

WALMART, INC.,

       Defendant.

_____/

## NOTICE OF REMOVAL

COMES NOW  WALMART, INC., named Defendant in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendant  WALMART, INC. in the State Court of GWINNETT County, Georgia, which is within the Atlanta Division of this Court. 28 U.S.C.A. § 90 (a)(2).  Said lawsuit is styled as above and is numbered as Civil Action File No. 21-C-05977-S2.  Plaintiff's claims against Defendant include claims of negligence.

2.

Plaintiff filed the Complaint on or about August 11, 2021.  Defendant

WALMART, INC. received service of summons and a copy of the Complaint on

August 17, 2021.  Defendant WALMART, INC. files this notice of Removal

within thirty (30) days after service of summons and a copy of this Complaint.

3.

Defendant Walmart, Inc. is a Delaware corporation with its principal place

of business in the State of Arkansas.  Defendant Walmart, Inc. was not a citizen

of the State of Georgia at the time of or immediately prior to the filing and

service of said lawsuit, or at any time thereafter.  The principal place of business

for Walmart, Inc. is 708 SW 8th Street, Bentonville, AR  72716.

4.

Tiffany Wilson is a citizen of the State of Georgia.

5.

Complete diversity of citizenship exists between Plaintiff and Defendant.

6.

Plaintiff claims injuries to her left knee, left groin area and lower abdomen

pain due to the incident.  On February 18, 2021, Plaintiff made a settlement

demand to Defendant in the amount of $350,000.00.   A copy of the settlement

demand is attached as Exhibit "A".   In her Complaint in this action,  Plaintiff
claims past medical bills of approximately $26,337.52 (Complaint, ¶ 32); lost
wages of $80,028.00 (Complaint, ¶ 33); travel expenses of $1,124.52 (Complaint,
¶ 33), loss of future wage capacity of $266,760 (Complaint, ¶ 34).   Plaintiff's
demand, her complaint, and the supporting information and allegations meet the
jurisdictional requirement for federal subject matter jurisdiction.  See Lowery v.
Alabama Power Co., 483 F.3d 1184, 1262 n.62 (11th Cir. 2007) (quoting 28
U.S.C. § 1446(b));  Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761–62
(5th Cir.2000);  Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929
(W.D.Mo.1999); Southern Ins. Co. of Virginia v. Karrer, Civil Action No. 3:10–
CV–84 (CAR), 2011 Westlaw 1100030 (M.D.Ga. Mar. 22, 2011); Golden Apple
Management Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.Ala.
1998); Jackson v. Select Portfolio Servicing, 651 F.Supp.2d 1279, 1281 (S.D.Ala.
2009); Barlow v. Variety Wholesalers, Civil Action No. 5:14-CV-375 (WLS)
(M.D.Ga. Dec. 17, 2014); Devezin v. Wal-Mart Stores East, LP, Civil Action No.
1:134-CV-3721 (CAP) (N.D.Ga February 20, 2015); Peterman v.  Wal-Mart
Stores, Civil Action No. 1:13-cv-91 (WLS), 2013 Westlaw 5210188 (M.D.Ga.
Sept. 13, 2013); Farley v. Variety Wholesalers, Civil Action No. 5:13-CV-52
(CAR), 2013 Westlaw 1748608 (M.D.Ga. April 23, 2013); Streicher v. Sam's East,

Inc., Civil Action File No. CV419-01(WTM) (S.D. Ga March 4, 2019). **The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

7.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendant.

8.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached as Exhibit "B" copies of all the pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the State Court of Gwinnett County, Georgia for the above-styled case.

9.

Pursuant to 28 U.S.C. § 1446, Defendant is not required to file a removal bond.

10.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

11.

A true and correct copy of this Notice of Removal will be filed with the

Clerk of the State Court of Gwinnett County, Georgia, as required by 28 U.S.C. §

1446.

WHEREFORE, Defendant WALMART, INC. prays that the above-

captioned lawsuit be removed to the United States District Court for the

Northern District of Georgia, Atlanta Division.

McLAIN & MERRITT, P.C.

/s/Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia State Bar No. 213044
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326-3240
(404) 266-9171
ebeaton@mmatllaw.com

The undersigned counsel certifies that the foregoing Notice of Removal
has been prepared with one of the font and point selections approved by the
court in LR 5.1B.

/s/Ernest L. Beaton, IV
Ernest L. Beaton, IV

## CERTIFICATE OF SERVICE

This is to certify that on September 13, 2021, I electronically filed a

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system

which will automatically send email notification of such filing to attorneys of

record.

McLAIN & MERRITT, P.C.

/s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia State Bar No. 213044
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
ebeaton@mmatllaw.com