**EXHIBIT B**

 CT Corporation

**Service of Process Transmittal**
08/17/2021
CT Log Number 540093863

TO: Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in Georgia**

FOR: WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wilson Tiffany, Pltf. vs. Walmart, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Attachment(s) |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 21C05977S2 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 08/18/2019, Walmart Store No. 548 located at 630 Collins Hill Rd., Lawrenceville, GA, 30046 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/17/2021 at 14:19 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | M. Cordele Rolle<br>The Cordele Firm, Inc.<br>5815 Live Oak Pkwy., Suite A<br>Norcross, GA 30093<br>770-807-0062 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2021, Expected Purge Date: 08/23/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT B**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Tiffany Wilson

**Civil Action
Number 21-C-05977-S2**

Plaintiff

VS.

Walmart Inc

Defendant

## SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

M Cordele Rolle
Cordele Firm Inc
5815 Live Oak Pkwy Suite A
Norcross Ga  30093

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of August, 2021

Tiana P. Garner,
Clerk of Superior Court

By:_____

**Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 2011

Copy from re:SearchGA

EXHIBIT B

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05977-S2**
**8/11/2021 3:32 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **TIFFANY WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WALMART, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**CIVIL ACTION
FILE NO.** ___21-C-05977-S2___

**JURY TRIAL DEMANDED**

## COMPLAINT TO HOLD DEFENDANT
## ACCOUNTABLE FOR HARM CAUSED

**COMES NOW**, Plaintiff, TIFFANY WILSON (hereafter "Wilson"), by and through her

attorneys of record, and files this Complaint against DEFENDANT WALMART, INC. (hereafter

"Walmart") and shows the Court the following:

## PRELIMINARY STATEMENT

This is a civil action brought by Wilson for the serious injuries suffered by Wilson at

Walmart Store No. 548, located at 630 Collins Hill Rd., Lawrenceville, Georgia 30046 (hereafter

"Walmart Supercenter"), as a direct and proximate result of the negligence and omissions of

Walmart.

## PARTIES JURISDICTION AND VENUE

1.

Walmart, Inc. is a foreign for-profit corporation licensed to do business in the State of

Georgia and does business as "Walmart." Walmart, Inc.'s principal place of business is 702 SW

8th Street, Bentonville, AR, 72716. Walmart, Inc.'s registered agent, The Corporation Company

**EXHIBIT B**

(FL), is located at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794, Forsyth County. Walmart, Inc. may be served with process through said registered agent at that location. Walmart, Inc. is subject to the jurisdiction and venue of this Court because it maintains offices in Gwinnett County and the tort was committed in Gwinnett County.

2.

On the day of the incident at issue in this Complaint, Walmart, Inc. was a foreign corporation that regularly transacted business in Gwinnett County, Georgia and is subject to *in personam jurisdiction* of the Court by virtue of the fact that it did and/or does business within the State of Georgia and said Walmart committed a tort in this state against the Wilson, as more fully set forth herein.

3.

Wilson is and, at all times material to this action, a resident of Gwinnett County, and the State of Georgia.

4.

Walmart, Inc. is the legal owner and/or operator of the Walmart Supercenter, located at 630 Collins Hill Rd., Lawrenceville, Georgia 30046, and are, therefore, legally liable for Wilson's injuries, as alleged in this Complaint.

5.

This Court has venue of this action, pursuant to O.C.G.A. §§ 9-10-93 and 14-2-510(b)(3) because the acts complained of herein occurred materially within Gwinnett County, Georgia.

**OPERATIVE FACTS**

6.

On August 18, 2019, Wilson arrived at Walmart Supercenter in Lawrenceville, Georgia, for the purpose of shopping.

7.

As Wilson was walking near the shampoo and conditioner aisle, she slipped on a white liquid substance, which caused her to twist her leg, foot, and knee.

8.

When Wilson's leg, foot, and knee twisted, she immediately felt pain in her lower abdomen, left groin area and left knee.

9.

Wilson immediately reported the incident to a Walmart associate, who created an incident report.

10.

As a result of Walmart's negligence and dereliction of its duty to invitees, Wilson suffered numerous physical injuries including, but not limited to, the following:

a)  Early chondromalacia of the patellofemoral joint space;

b)  Mild diffuse prepatellar bursitis and mild deep infrapatellar bursitis;

c)  Tendinosis/tendinitis of the distal patellar tendon is present;

d)  Interstitial micro tearing of left knee;

e)  Small joint effusion with small sub centimeter ruptured popliteal cyst;

f)  Patellofemoral disorders, left knee/Left knee patellofemoral syndrome;

g)  Patellar tendinitis, left knee;

3

**EXHIBIT B**

h) Hypermobility syndrome/ligament laxity;

i) Sprain of unspecified collateral ligament of left knee, subs encounter/Left knee strain/sprain;

j) Lesion of ulnar nerve, left upper limb/Neuropraxia of the sciatic nerve, left lower extremity;

k) Pain in left knee and

l) Lower abdominal pain, unspecified;

m) And other injuries.

11.

As a result of Walmart's negligence, Wilson incurred reasonable and necessary medical expenses.

12.

As a result of Walmart's negligence, Wilson suffered, and continues to suffer, physical and emotional pain and suffering.

13.

At all times relevant, Walmart was acting by and through their/its duly authorized agents, administrators, servants, workmen, bailees, and/or employees, all of whom were acting in the course and scope of their/her/its employment and in furtherance of Walmart's business and affairs.

**COUNT I – NEGLIGENCE**

14.

Wilson re-alleges and incorporates Paragraphs 1 through 13 as if fully set forth herein.

4

15.

Walmart, as an operator of numerous supermarkets and multi-department stores nationwide, have or should have knowledge and expertise in the proper and safe maintenance of such supermarkets and stores.

16.

O.C.G.A. § 51-3-1 imposed a non-delegable duty on Walmart to exercise ordinary care to keep its premises safe for invitees.

17.

Wilson was an invitee of Walmart Supercenter at the time of the incident.

18.

At the time of the subject incident, Walmart owed Wilson a duty to: (a) exercise ordinary care to maintain its facility in a reasonably safe condition; (b) correct dangerous conditions of which it knew or should have known; and (c) warn Wilson of any dangerous condition of which it had or should have had knowledge.

19.

Walmart had a duty to make sure the subject floors and grocery aisles were safe for its invitees.

20.

It was unknown to Wilson that there was a liquid substance in the grocery aisle.

21.

Walmart did not warn Wilson that there was a liquid substance on the grocery aisle floor.

22.

5

EXHIBIT B

Walmart's negligence caused the injuries, harm and losses Wilson suffered as a result of her slipping on a liquid substance on the grocery aisle floor.

23.

The aforesaid incident occurred as a result of and was proximately caused by Walmart's breach of these duties owed to Wilson by the careless and negligent conduct of Walmart, which consisted of the following acts and/or omissions:

(a)  Failure to place a wet floor sign in the affected area visible to customers;

(b)  Failure to clean up the liquid substance from the floor;

(c)  Failure to secure the wet floor area from customers;

(d)  Failure to have in place a procedure for periodic inspections of the floors; and

(e)  Failure to exercise ordinary care to keep its premises safe for its invitees.

24.

At all times complained of herein, the unsafe and dangerous condition of the floor in the grocery aisle was unknown to Wilson and was not discoverable by her in the exercise of reasonable care.

25.

Walmart is liable for Wilson's injuries because the actions and/or omissions of Walmart's duly authorized agents, administrators, servants, workmen, bailees, and/or employees, were committed while such duly authorized agents, administrators, servants, workmen, bailees, and/or employees were acting within the scope of their agency of employment with Walmart.

6

EXHIBIT B

## COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26.

Wilson re-alleges and incorporates Paragraphs 1 through 25 as if fully set forth herein.

27.

Because of Walmart's negligence, Wilson suffered serious injuries that required extensive medical treatment and care.

28.

The physical injuries to Wilson caused by Walmart's actions and/or omissions have caused Wilson severe emotional suffering and/or distress, for which Walmart is legally responsible.

29.

Walmart is liable for Wilson's injuries because the actions and/or omissions of Walmart's duly authorized agents, administrators, servants, workmen, bailees, and/or employees, were committed while such duly authorized agents, administrators, servants, workmen, bailees, and/or employees were acting within the scope of their agency of employment with Walmart.

## INJURIES, HARM, AND LOSSES SUFFERED BY WILSON

30.

Wilson re-alleges and incorporates paragraphs 1 through 29 as if fully set forth herein.

31.

As a direct and proximate result of the Walmart's negligence, Wilson sustained serious injuries to her person, which has required extensive medical treatment and care.

7

32.

Walmart is liable to Wilson for Special Damages of $26,337.52 in medical bills.

| Gwinnett Medical Center | $366.00 |
|---|---|
| Ortho/Neuro Center | $380.00 |
| Gwinnett Clinic | $1,275.49 |
| Gwinnett Hospital Systems | $2,061.00 |
| American Health Imaging | $4,595.00 |
| Spine Center Atlanta | $5,322.53 |
| BenchMark | $12,337.50 |

33.

Walmart is liable to Wilson for Special Damages of at least $80,028.00 in lost wages, and at least $1,124.52 in travel expenses.

34.

Walmart is liable to Wilson for Special Damages of at least $266,760.00 in loss of future wage capacity.

35.

As a direct and proximate result of the injuries described above, Wilson has incurred damages, including medical expenses for necessary medical treatment.

36.

As a direct and proximate result of the Walmart's negligent misconduct, Wilson was caused to suffer physical pain and suffering, mental pain and suffering and loss of enjoyment of living.

37.

Specifically, Walmart is accountable and legally liable for Wilson's past, present and future medical expenses, past, present and future physical pain and suffering, past, present and

8

future mental and emotional pain and suffering, out-of-pocket expenses for medical treatment, prescription medications, medical devices and loss of the enjoyment of living.

38.

Walmart has been stubbornly litigious and have caused the Wilson unnecessary trouble and expense, so as to authorize and warrant the recovery of expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

39.

Walmart has shown bad faith to settle by not resolving this matter for a monetary amount that covers Wilson's total damages.

40.

Wilson is entitled to hold the Walmart accountable and recover from Walmart all damages allowed under Georgia law caused by Walmart's negligence.

**WHEREFORE,** Wilson prays for the following:

(a)     That process and summons issue requiring Defendant to appear as provided by law and to answer the allegations of this Complaint;

(b)     A trial by jury;

(c)     Recovery for Defendant's past, present and future physical pain and suffering;

(d)     Recovery for Defendant's past, present and future mental and emotional pain and suffering;

(e)     Recovery for special damages for medical expenses;

(f)     Recovery for special damages for out-of-pocket expenses related to medical care;

9

(g)     Recovery for future medical expenses and care;

(h)     Recovery for future out-of-pocket expenses;

(i)     Recovery for reasonable attorney fees and expenses of litigation;

(j)     For such other relief as this Court deems just and appropriate; That all costs be cast against the Defendant; and

(k)     For such other and further relief as the Court deems just and appropriate.

This 10th day of August, 2021.

Respectfully submitted,

M. Cordele Rolle, Esq.
Georgia Bar No. 521133
**Attorney for Tiffany Wilson**

THE CORDELE FIRM, INC.
Phone: (770) 807-0062
Direct: (404) 454-6454
Fax:     (404) 393-5900
5815 Live Oak Pkwy
Suite A
Norcross, GA 30093
E: cordele@cordelefirm.com

EXHIBIT B

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05977-S2**
**8/11/2021 3:32 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TIFFANY WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** _21-C-05977-S2_ |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **WALMART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF DEMAND FOR TRIAL BY A JURY OF TWELVE

NOW COMES Plaintiff TIFFANY WILSON (hereinafter "Wilson") in accordance with

O.C.G.A. § 15-12-122, and demands a trial by a jury of 12 jurors selected as provided by law with

respect to all issues in this action which are subject to trial by a jury. Plaintiff makes this demand

in writing prior to the commencement of the trial term and shows that the claim for damages in

this action is greater than $25,000.00.

This 10th day of August, 2021.

Respectfully submitted,
**THE CORDELE FIRM, INC.**

_____

M. Cordele Rolle, Esq.
Georgia Bar No. 521133
Attorney for Plaintiff

5815 Live Oak Pkwy., Suite A
Norcross, GA 30093
cordele@cordelefirm.com
Phone: 770.807.0062
Fax:    404.393.5900
Phone: 404.454.6454

EXHIBIT

FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-05977-S2

8/11/2021 3:48 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ■ State Court of GWINNETT _____ County

| For Clerk Use Only |
|---|
| Date Filed _____       Case Number _____ |
| MM-DD-YYYY |

**Plaintiff(s)**
Wilson, Tiffany

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Walmart, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ■ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____                _____
Case Number                                      Case Number

■ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05977-S2**
**9/10/2021 2:01 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TIFFANY WILSON,                                    Civil Action File No.
                                                   21-C-05977-S2
            Plaintiff,

v.

WALMART, INC.,

            Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART, INC. and makes this Answer to

Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which

relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused

by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

## Preliminary Statement

Defendant denies the allegations contained in the Complaint's "Preliminary Statement".

1.

Defendant admits that it's a Delaware corporate authorized to do business in the State of Georgia with a registered agent in Forsyth County, but denies the remaining allegations of paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint, which are accordingly deemed denied.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

## OPERATIVE FACTS

6.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint, which are accordingly deemed denied.

7.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint, which are accordingly deemed denied.

8.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint, which are accordingly deemed denied.

9.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint, which are accordingly deemed denied.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint including subparts a through m.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

## COUNT I – NEGLIGENCE

14.

Defendant realleges and incorporates by reference its responses to paragraphs 1 – 13 as if they were fully restated herein.

15.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint, which are accordingly deemed denied.

16.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint, which are accordingly deemed denied.

17.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint, which are accordingly deemed denied.

18.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint, which are accordingly deemed denied.

19.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint, which are accordingly deemed denied.

20.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint, which are accordingly deemed denied.

21.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint, which are accordingly deemed denied.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint, including subparts a through e.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26.

Defendant realleges and incorporates by reference its responses to paragraphs 1 – 25 as if they were fully restated herein.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

## INJURIES, HARM, AND LOSSES SUFFERED BY WILSON

30.

Defendant realleges and incorporates by reference its responses to

paragraphs 1 – 29 as if they were fully restated herein.

31.

Defendant denies the allegations contained in paragraph 31 of Plaintiff's

Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of Plaintiff's

Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of Plaintiff's

Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of Plaintiff's

Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of Plaintiff's

Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

42.

Defendant denies Plaintiff's prayer for relief, including subparts a through k.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.   DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WALMART, INC. has this day been filed and served upon

opposing counsel via Odyssey eFileGA.

This the  10th day of September, 2021.

McLAIN & MERRITT, P.C.

 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-05977-S2**

**9/10/2021 2:01 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TIFFANY WILSON,                          Civil Action File No.
                                         21-C-05977-S2
        Plaintiff,

v.

WALMART, INC.,

        Defendant.
_____/

## **12-PERSON JURY DEMAND**

COMES NOW Defendant, WALMART, INC. and demands a trial by a jury

of twelve (12) persons.

                        McLAIN & MERRITT, P.C.

                        /s/ Ernest L. Beaton, IV
                        Ernest L. Beaton, IV
                        Georgia Bar No. 213044
                        Attorneys for Defendant
                        WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Odyssey eFileGA.

This the  10th day of September, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com